### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH

| | |
|---|---|
| IN RE: Manomay, LLC | Bankruptcy Court No. 19-24450-CMB |
| Debtor, | |
| Trek Development Group, Inc., | Chapter 11 |
| Movant, | The Honorable Carlota M. Böhm |
| vs. | |
| Manomay, LLC, | |
| Respondent. | |

### **EXPEDITED**

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR, IN THE ALTERNATIVE, MOTION TO DECLARE THAT DEBTOR HAS REJECTED AND MAY NOT ASSUME ITS LEASE WITH MOVANT

AND NOW, comes Trek Development Group, Inc. ("Movant") by and through its attorneys, Voelker & Associates, P.C., and moves the Court to hold an expedited hearing on the within Motion and request for relief from the automatic stay, as follows:

1. The Debtor, Manomay, LLC operates a bar and restaurant located at 130 7th Street, Pittsburgh, PA as tenant under a commercial lease with the Movant as landlord.

2. The Debtor is required to pay monthly rent to Movant by the first of each month in the amount of $13,768.70 pursuant to the Lease.

3. Debtor failed to pay April rent by the 1st of the month as required.

4. Debtor's representative represented that the rent would be paid early last week however the rent was not paid. The rent for April remains seriously delinquent and the next month's rent will be due within days of filing this Motion.

5. Debtor's counsel and Movant's counsel have conferred by telephone about this issue and about other issues between the parties prior to filing this Motion. The parties have been unable to reach a resolution thus far.

6. Movant's counsel has advised Debtor's counsel that Movant would be filing a request for an expedited hearing on the issues raised herein.

7. Upon information and belief, the Debtor's representative testified during the 341(b) Creditors' Meeting that the Debtor has approximately $15,000 cash on hand. Therefore, in the event that April's rent is paid, Debtor would, upon information and belief, have almost no cash available to continue operations and would be unable to pay May 2020 rent.

8. Debtor's business operations are currently shut down due to the COVID-19 pandemic and Movant believes it is unlikely that Debtor will have sufficient cash flow in the future to continue paying monthly rent, even if Debtor is permitted to resume operations soon.

9. The failure to pay rent represents a material breach of the Lease between the parties.

10. The failure to pay rent creates a lack of adequate protection on behalf of Movant's interest in the subject property and is cause for relief from stay. See 11 U.S.C. § 361; 11 U.S.C. § 362(d)(1); 11 U.S.C. § 365.

11. Debtor's failure and inability to pay rent has severely impacted Movant's business operations.

12. Movant asks the Court to grant relief from the automatic stay due to lack of adequate protection in the subject property and due to the non-payment and apparent inability of Debtor to pay monthly rent.

13. Movant further asks for the award of costs and attorneys' fees in favor of Movant and against the Debtor as permitted by the Lease.

WHEREFORE, Movant asks the Court to grant relief from the automatic stay in favor of Movant and against Debtor.

## IN THE ALTERNATIVE, MOTION TO DETERMINE THAT DEBTOR HAS REJECTED AND MAY NOT ASSUME ITS COMMERCIAL LEASE WITH MOVANT

14. The Debtor has not yet elected to officially assume the Lease with the Movant. Debtor has been ordered by the Court to make this determination by May 29, 2020.

15. In order to assume the Lease, Debtor must cure the monetary defaults to date (including the amounts owed prior to this bankruptcy) and provide adequate assurances that it will continue to pay rent. See 11 U.S.C. § 365(b)(1) (providing that upon assumption of a lease, the debtor must cure monetary defaults and "provide[] adequate assurance of future performance under such contract or lease.")

16. In light of Movant's non-payment of rent, it is apparent that Debtor cannot cure its defaults nor provide adequate protection moving forward.

17. Therefore, Debtor cannot assume the Lease and has implicitly rejected the Lease.

18. Consequently, Movant asks the Court to determine that the Lease has been rejected or that the Lease may not be assumed by the Debtor in light of the Debtor's actions and financial conditions.

19. Pursuant to 11 U.S.C. § 365, Movant is entitled to immediate possession of the premises by virtue of the Debtor's rejection of the Lease. See 11 U.S.C. § 365(d)(4)(A).

20. Movant raises the issues herein without prejudice to argue at the 6/23/20 hearing that Movant is not permitted to assume the Lease as was raised in previous court filings to date.

WHEREFORE, Movant asks the Court to determine that the Lease has been rejected and may not be assumed by the Debtor and for an Order granting immediate possession of the Leased premises in favor of the Movant.

## REQUEST FOR EXPEDITED HEARING

21. Movant asks the Court to hold an expedited hearing on the within Motion due to the urgent need to resolve the issue of non-payment of rent in a timely manner.

22. In an effort to simplify and streamline the hearing, Movant asks the Court to limit the hearing to only documentary evidence and witness testimony of Movant's representatives and Debtor's representatives.

23. Movant asks the Court to conduct the hearing without the necessity of filing briefs.

24. Movant asks the Court to hold this expedited hearing without prejudice of Movant to raise other grounds for relief from stay that may exist or other matters to be raised at the 6/23/2020 hearing as have been previously filed of record (See, e.g., Document No. 89).

WHEREFORE, Movant, Trek Development Group, Inc., respectfully requests an expedited hearing on its Motion in this matter.

                Respectfully submitted,

                VOELKER & ASSOCIATES, P.C.

                By: /s/ Edward F. Voelker, Jr.
                Edward F. Voelker, Jr.
                PA I.D. #55414
                edward.voelker@voelkerlaw.com

                VOELKER & ASSOCIATES, P.C.
                3960 Route 8, Suite 200
                Allison Park, PA 15101-3603
                412-486-8800

                Attorney for Movant, Trek Development Group, Inc.

Dated: 4/28/2020